## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IRONWORKERS LOCAL 549/550** | ) | **CASE NO.** _____ |
| **FRINGE BENEFIT FUNDS** | ) | |
| c/o CDS Administrators, Inc., Funds | ) | |
| Administrator | ) | |
| 60 Boulevard of the Allies, 5th Floor | ) | |
| **Pittsburgh Pennsylvania 15222** | ) | **JUDGE** _____ |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **R&B STEEL & REBAR, LLC** | ) | **COMPLAINT** |
| c/o William J. Rogers, President | ) | |
| 4821 Buttermilk Hollow Road | ) | |
| West Mifflin, Pennsylvania 15122 | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

Now comes Plaintiff, Ironworkers Local 549/550 Fringe Benefit Funds (hereinafter referred to as "Plaintiff"), by and through counsel, and for its Complaint against Defendant R&B Steel & Rebar, LLC (hereinafter referred to as "Defendant"), states as follows:

### JURISDICTION AND VENUE

Plaintiff brings this action under the provisions of Section 301 of the Labor Management Relations Act of 1947, as amended (29 U.S.C. Section 185) and Sections 502(a)(3), (e) and (f) of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. Section 1132(a)(3), (e) and (f). Venue is conferred upon this Court by 28 U.S.C. Sections 1391(b) and (c) and 29 U.S.C. Section 1132(e)(2).

## BACKGROUND

1. Plaintiff is responsible for collections for various employee benefit plans, as defined in 29 U.S.C. Section 1002(3), which are qualified and tax-exempt under Sections 401 and 501 of the Internal Revenue Code of 1986, as amended. Plaintiff receives certain fringe benefit contributions from signatory employers for the purpose of providing insurance coverage and benefits to covered employees. Plaintiff's principal place of business is located at 60 Boulevard of the Allies, 5th Floor, Pittsburgh, Pennsylvania 15222

2. Said plans are employee benefit funds established and maintained pursuant to LMRA and ERISA, and they are so designated in the applicable collective bargaining and/or trust agreement signed or agreed to by Defendant. The collective bargaining agreement covers the terms and conditions of employment, including the payment of fringe benefits and wage deductions, for participants of those employee benefit plans.

3. Defendant is located at 4821 Buttermilk Hollow Road, West Mifflin, Pennsylvania, 15122.

4. Defendant is a business organized under the laws of the State of Pennsylvania and was and/or is engaged in the construction business in the States of Pennsylvania and West Virginia.

5. Defendant is signatory to the collective bargaining and/or letter of understanding and/or trust agreement with Plaintiff and its local union representatives. A copy of the applicable signatory page is attached hereto and incorporated herein as **Exhibit A**.

6. Defendant employs and has employed several employees in projects in the State of West Virginia. One project was in Majorsville, West Virginia. The redacted payroll reports

from that Majorsville project for the time period December 1, 2016, through February 28, 2017 are attached hereto and incorporated herein as **Exhibit B**.

7. Defendant is bound by the collective bargaining and/or letter of understanding and/or trust agreement for the timely payment of wages, fringes, and other benefits for these employees.

8. Pursuant to the terms of the applicable agreement, Defendant is required to timely remit fringe benefit contributions to Plaintiff. The contribution amounts are based on monthly hours worked times the applicable rate.

9. Pursuant to the aforementioned agreement, fringe benefit payments are required to be made, submitted, and paid to Plaintiff no later than the 15th day of the month following the month during which the work was performed. If said payments are not so received by the 15th day of the month following the month during which the work was performed, the payments are deemed delinquent.

10. Under Section 502(g) of ERISA and the aforementioned agreement, liquidated damages are calculated at the amount of ten percent (10%) of the total amount of unpaid and delinquent contributions, and interest is calculated at the rate of one and a half percent (1 ½ %) per month on the unpaid and delinquent contributions.

## COUNT ONE

11. Plaintiff incorporates by reference and restates all of the allegations in Paragraphs One (1) through Ten (10) above as though fully rewritten herein.

12. Pursuant to the applicable agreement, Defendant is required to make timely fringe benefit contributions to Plaintiff. These contributions are the same contributions that Defendant

is obligated to make under its collective bargaining agreements with the participating labor organizations.

13. Contrary to its obligations under the applicable agreement, Defendant has failed and refused to make timely contributions to Plaintiff on behalf of the employees who were and/or are covered by said agreement.

14. Despite requests by Plaintiff and undersigned counsel, Defendant has refused, and continues to refuse, to make timely contributions to Plaintiff on behalf of the employees who were or are members of participating labor organizations and to immediately pay to Plaintiff all delinquent contributions and damages that are due as a result of Defendant's failure and refusal to keep current with its contribution obligations.

15. Defendant's failure and refusal to make timely contributions to Plaintiff is a violation of the applicable agreement to which Defendant is bound under ERISA Section 515, 29 U.S.C. Section 1145.

16. Defendant's failure and refusal to make timely contributions to Plaintiff on behalf of the employees who are members of participating labor organizations has caused Plaintiff to incur a loss of assets and income.

17. In violation of such agreement, Defendant has failed to timely pay contributions and wage deductions for the time period December 1, 2016 through February 28, 2017 in the amount of $18,574.72 (see **Exhibit B**). Defendant also owes Plaintiff liquidated damages in the amount of $335.28 and payment errors in the amount of $64.47. As a result, the total amount owed by Defendant is $18,974.47, plus interest, court costs, and attorney fees.

WHEREFORE, Plaintiff demands that the Court:

1. Issue a money judgment in favor of Plaintiff and against Defendant in the amount of $18,974.47, plus such additional amounts for liquidated damages, court costs, and attorney fees;

2. Issue a preliminary and/or permanent injunction (a) enjoining Defendant from violating the terms of the applicable agreement; (b) directing Defendant to immediately pay to Plaintiff all monies past due; and (c) enjoining Defendant from disposing of any of its assets;

3. Award Plaintiff interest on all amounts recovered from Defendant at the current IRS rate per annum;

4. Grant Plaintiff an award of reasonable attorney fees and all court costs incurred by Plaintiff in this action; and

5. Grant such further relief as this Court deems just and equitable.

Respectfully Submitted,

MACALA & PIATT, LLC

*s/ Jeffrey R. Bruno*
JEFFREY R. BRUNO (0096096)
THOMAS J. GRIFFITH (0046842)
TIMOTHY P. PIATT (0080620)
Macala & Piatt, LLC
601 South Main Street
North Canton, Ohio 44720
Phone: (330) 493-1570
Fax:    (330) 493-7042
Email: jbruno@mgplaborlaw.com
Email: tgriffith@mgplaborlaw.com
Email: tppiatt@mgplaborlaw.com

Attorneys for Plaintiff